**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRIAN FELDMAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SCYNEXIS, INC, DAVID ANGULO, and IVOR MACLEOD, <br><br> Defendants. | Case No. 2:23-CV-22082-BRM-CLW |

**NOTICE OF ISSUES THE COURT SHOULD CONSIDER REGARDING MR. FELDMAN'S MOTION TO BE APPOINTED LEAD PLAINTIFF**

On January 8, 2024, Mr. Feldman filed the only motion to be appointed lead plaintiff in this putative securities class action.  ECF No. 7.  After reviewing his motion, Defendants feel compelled to raise a number of issues that weigh on whether Mr. Feldman should be appointed lead plaintiff.  Specifically, to serve as lead plaintiff and represent a putative class of shareholders, the Private Securities Litigation Reform Act ("PSLRA") requires that an individual suffer losses tied to the claims alleged in the complaint.  Here, Mr. Feldman has not shown a loss – instead, it appears that he profited substantially from his trades in Scynexis stock.

In a certificate attached to his complaint, Mr. Feldman detailed his purchases and sales of Scynexis stock during the putative class period.  During that time, he

1

netted a ***substantial profit*** from his trading activity.  But now, Mr. Feldman attempts to persuade the Court he suffered a $856.03 loss.  He manufactures this alleged loss by selectively excluding from his calculation three sales of Scynexis stock in which he ***received $14,590***.  When those gains are accounted for (as they should be), it would appear that Mr. Feldman substantially profited from Scynexis stock, disqualifying him from serving as lead plaintiff.

For these reasons, Defendants implore the Court to evaluate Mr. Feldman's calculation of purported loss (Ex. B to his motion) concurrently with the certification to his complaint (Compl. at 30) when determining whether Mr. Feldman is an appropriate lead plaintiff under the PSLRA.[1]  If the Court concludes that Mr. Feldman suffered no loss, then he cannot serve as lead plaintiff.  Indeed, a stockholder does not get to benefit from sales during a putative class period and then turn around and try to profit again by claiming fraud.

---

[1] Courts may consider issues raised by Defendants when considering lead plaintiff motions. *Howard Gunty Profit Sharing v. Quantum Corp.*, Civ. No. 96–20711 SW, slip op. at 6–7 (N.D. Cal. Feb. 6, 1997) ("[W]hen . . . there are no other potential lead plaintiffs to challenge a moving party, the Court must rely on the defendants to insure that the requirements of [the Reform Act] are satisfied"); *In re Read–Rite Corp. Sec. Litig.*, No. C–97–20059 RMW, slip op. at 3 (N.D. Cal. May 28, 1997) ("defendants are not prohibited from challenging whether the most adequate plaintiff presumption should be adopted initially by the court"); *Blake Partners, Inc. v. Orbcomm, Inc.*, 2008 WL 2277117, at *3 (D.N.J. June 2, 2008); *Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 454 (D.N.J. 2000).

## LEGAL STANDARD

The PSLRA requires courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA "establishes a two-step process for appointing a lead plaintiff: the court first identifies the presumptive lead plaintiff, and then determines whether any member of the putative class has rebutted the presumption." *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) (citing 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I), (II)). The "presumptive lead plaintiff" is the party that "has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(1)(bb).

As explained by the Third Circuit, there is no formula for courts to follow in making this assessment, but courts should consider, among other things: "(1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." *Cendant*, 264 F.3d at 262. At bottom, "[t]he Third Circuit has concluded that 'largest financial interest' means the largest loss." *In re Able Lab'ys Sec. Litig.*, 425 F. Supp. 2d 562, 567 (D.N.J. 2006) (citing *Cendant*, 264 F.3d at 223); *Arbitrage Fund v. Toronto-Dominion Bank*, 2023 WL 5550198, at *3 (D.N.J. Aug. 29, 2023) (same).

## MR. FELDMAN SUFFERED NO LOSS

Because Mr. Feldman suffered no loss, he could not have had "the largest loss" in this matter. *In re Able*, 425 F. Supp. 2d at 567; *Arbitrage Fund*, 2023 WL 5550198, at *3; *In re Impax Lab'ys, Inc. Sec. Litig.*, 2008 WL 1766943, at *19–20 (N.D. Cal. Apr. 17, 2008) (dismissing lead plaintiff who "cannot have suffered loss").

On November 7, 2023, Mr. Feldman filed the complaint putatively on behalf of "persons and entities that purchased or otherwise acquired Scynexis securities between March 31, 2023 and September 22, 2023, inclusive" (the "class period"). Compl. ¶ 1. He attached a sworn certification containing "[his] transactions in SCYNEXIS, Inc. securities during the Class Period." *Id.* at 30. Among the transactions listed under the header "Account 2," the certification includes three sales for a total of $14,590 in proceeds as shown in the below chart.

| Date | Amount of Shares Sold | Price | Proceeds |
|---|---|---|---|
| April 10, 2023 | 1,000 | $3.41 | $3,410 |
| May 17, 2023 | 2,000 | $2.86 | $5,720 |
| May 24, 2023 | 2,000 | $2.73 | $5,460 |
| **Total** | | | $14,590 |

Two months later, on January 8, 2024, Mr. Feldman filed a motion to be appointed lead plaintiff, claiming that he lost $856.03. ECF No. 7. He attached

4

Exhibit B to a supporting declaration, which shows how he calculated his purported $856.03 loss. *But Exhibit B does not take into account the $14,590 in proceeds generated from the sales made on April 10, May 17, and May 24, 2023, set forth in his previously-filed certification.* A screenshot of the relevant section of Exhibit B is below, highlighting the sales omitted from Mr. Feldman's financial interest calculation.

| Account 2 | | | | | | |
|---|---|---|---|---|---|---|
| Opening Position: | 5,000 shares | | | | | |
| Date | Shares | Price Bought | Total Bought | Price Sold | Total Sold | Balance |
| 4/10/2023* | | | $0.0000 | $3.4100 | $0.0000 | $0.00 |
| 4/25/2023 | 1,000 | $2.8600 | -$2,860.0000 | | $0.0000 | -$2,860.00 |
| 4/28/2023 | -1,000 | | $0.0000 | $3.2700 | $3,270.0000 | $3,270.00 |
| 5/17/2023* | | | $0.0000 | $2.8600 | $0.0000 | $0.00 |
| 5/24/2023* | | | $0.0000 | $2.7300 | $0.0000 | $0.00 |
| 5/30/2023 | 1,000 | $2.5700 | -$2,570.0000 | | $0.0000 | -$2,570.00 |

Had Mr. Feldman included these sales in his Exhibit B calculation, the result would have been a $13,733.97 profit, not a $856.03 loss. Plaintiff notes in a footnote that these three sales are "matched to [Mr. Feldman's] pre-Class Period holdings," Ex. B at 2, but does not explain why he omitted the proceeds from these sales. Indeed, it is irrelevant when Mr. Feldman acquired these shares because he profited from selling them at allegedly inflated prices during the class period, regardless of the purchase date. "It wastes the Court's time when proposed lead plaintiffs . . . simply note that shares held prior to the Class Period were sold, without disclosing the net gain on the sale of those shares or, at minimum, carefully accounting for each of those shares. *The net gain from the sale during a class period of shares acquired prior to a class period can be relevant when assessing the amount of alleged losses*

5

. . . ." *Cambridge Ret. Sys. v. Mednax, Inc.*, 2018 WL 8804814, at *6 (S.D. Fla. Dec. 6, 2018) (offsetting alleged losses with gains from sales made involving pre-class period purchases) (emphasis added).

Courts have routinely denied lead plaintiff motions where shareholders fail to offset alleged losses with gains from sales. *Born v. Quad/Graphics, Inc*., 2020 WL 994427, at *2 (S.D.N.Y. Mar. 2, 2020) (denying motion for lead plaintiff where shareholder "sold more shares than he purchased and earned more in proceeds than he spent . . . [which] effectively disqualifies [him] from representing a class."); *Ellenburg v. JA Solar Holdings Co. Ltd.*, 262 F.R.D. 262, 266 (S.D.N.Y. 2009) (denying motion to be appointed lead plaintiff because shareholder did not offset sales of stock purchased before the class period started from alleged losses); *Ferreira v. Funko, Inc.*, 2020 WL 3246328, at *7 (C.D. Cal. June 11, 2020) (denying motion for appointment as lead plaintiff where movant "fail[ed] to offset its claimed loss with gains for [the defendant's] securities purchased *before* the Class Period and sold *during* the Class Period") (emphasis in original); *Water Island Event-Driven Fund v. MaxLinear, Inc.*, 2023 WL 8812875, at *3 (S.D. Cal. Dec. 20, 2023) (finding that alleged losses should be offset by proceeds from sales, even where shares were purchased pre-class period); *Weisz v. Calpine Corp.*, 2002 WL 32818827, at *7 (N.D. Cal. Aug. 19, 2002) (a net seller "may have actually profited, not suffered losses, as a result of the allegedly artificially inflated stock price"). Like these other

courts, if this Court determines that Mr. Feldman gained, as opposed to losing money, it should deny his motion.

On January 17, 2024, counsel for Defendants raised these concerns with Mr. Feldman's counsel. *See* Declaration of Brett De Jarnette ¶ 1. Defendants asked Mr. Feldman's counsel for information that may show he did not profit from the three sales. *Id.* ¶ 2. For example, if Mr. Feldman purchased the shares at a higher price than the price sold, Defendants would have considered dropping the matter. *Id.* Mr. Feldman's counsel declined to provide any additional information, presumably because Mr. Feldman substantially profited from Scynexis stock. *Id.* at 2.

## CONCLUSION

Defendants urge the Court to rightfully offset Mr. Feldman's $856.03 in alleged losses with gains from his sales. Doing so makes clear that Mr. Feldman is not an appropriate lead plaintiff under the PSLRA, and his motion should be denied.

7

Dated:  January 22, 2024

**COOLEY LLP**

By: */s/ Caroline Pignatelli*
Caroline Pignatelli
(N.J. Attorney No. 026292007)
55 Hudson Yards
New York, NY 10001-2157
Telephone: (212) 479-6679
Email: cpignatelli@cooley.com

Shannon M. Eagan*
Brett De Jarnette*
Gregory J. Merchant*
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone: (650) 849-7400
Email: seagan@cooley.com
Email: bdejarnette@cooley.com
Emai: gmerchant@cooley.com

**Pro Hac Vice* forthcoming

*Counsel for Defendants Scynexis, Inc.,
David Angulo, And Ivor Macleod*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing has been filed with the Clerk of the Court for the United States District Court, District of New Jersey, via the CM/ECF system, and will be served electronically on registered participants.


Dated:  January 22, 2024                    **COOLEY LLP**

By:*/s/ Caroline Pignatelli*
Caroline Pignatelli
(N.J. Attorney No. 026292007)
55 Hudson Yards
New York, NY 10001-2157
Telephone: (212) 479-6679
Email: cpignatelli@cooley.com

*Counsel for Defendants Scynexis, Inc.,*
*David Angulo, and Ivor Macleod*