UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**CHAMBERS OF**
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
ROOM 4040
NEWARK, NJ 07101
973-776-7862

**LETTER OPINION**

Re:  *Brian Feldman v. Scynexis, Inc.*
     **Civil Action No. 2:23-cv-22082-BRM-CLW**

Counsel:

This letter opinion shall address a discrete question of law arising in connection with plaintiff Brian Feldman's ("Feldman") motion for appointment of lead plaintiff and approval of lead counsel (ECF No. 7). Because the Court finds no other issues with Feldman's motion, and as discussed below, resolves the present question in Feldman's favor, it will issue an order granting the motion.

This action arises under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), under which

> the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that—
>
> (aa) has . . . filed the complaint . . . .;
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Aside from the issue raised below, the Court finds these requirements satisfied without the need for further exposition.[1]

Defendants have objected to Feldman's motion on the ground that Feldman does not have "the largest financial interest in the relief sought by the class". *See id.* They argue that a comprehensive view of Feldman's transactions during the putative class period demonstrates that Feldman, rather than having suffered a loss, in fact "netted a substantial profit from his trading activity" involving Scynexis. ECF No. 8 at 1-2 (emphasis removed). Because "'largest financial interest' means the largest loss", *In re Able Lab'ys Sec. Litig.*, 425 F. Supp. 2d 562, 567 (D.N.J. 2006) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 223 (3d Cir. 2001)), Defendants contend

---

[1] The Court is also satisfied with Feldman's selection of counsel. *See* ECF No. 7-2, Exhibit C; *cf.* 15 U.S.C. § 78u-4(a)(3)(B)(v).

that Feldman cannot satisfy this requirement, since he has not suffered any loss in connection with Scynexis. *See generally* ECF No. 8.

The Court will overrule this objection on two grounds. First, it is procedurally improper. The PSLRA is explicit that the above presumption may be rebutted "only upon proof by a member of the purported plaintiff class". 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The Third Circuit is equally unambiguous that "[o]nly class members may seek to rebut the presumption, and the court should not permit or consider any arguments by defendants or non-class members." *In re Cendant*, 264 F.3d at 268 (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 550 (N.D. Tex. 1997)).[2] "This makes sense because defendants will rarely have the best interests of the class at heart." *In re Merck & Co. Sec. Litig.*, 432 F.3d 261, 267 (3d Cir. 2005) (citing authorities). Defendants' gambit to oppose Feldman's motion thus fails right out of the gate.

Although this suffices to dispose of the issue, the Court briefly addresses it on the merits, where Defendants fall short as well. In support of their argument, Defendants highlight three sales occurring at the beginning of the putative class period. *See* ECF No. 8 at 5. The question of whether to include such sales in determining whether Feldman suffered a loss depends on whether the Court employs a "last in, first out" ("LIFO") or "first in, first out" ("FIFO") method of calculating loss. "LIFO calculates losses by assuming that the first stocks to be sold are the stocks purchased most recently prior to that sale. FIFO assumes that the first stocks to be sold are the stocks that were acquired first, even if the stocks were acquired outside the class period." *Lewis v. Cytodyn, Inc.*, 2021 U.S. Dist. LEXIS 158054, at *10 (W.D. Wash. Aug. 19, 2021) (cleaned up). Defendants' argument requires the Court to include in its calculation shares of Scynexis purchased before the putative class period. In turn, the argument entails application of FIFO over LIFO. *See, e.g., id.* at *11 ("When using LIFO to calculate the class period, courts do not typically offset the loss with pre-class period purchases and sales."); *Weisz v. Calpine Corp.*, 2002 U.S. Dist. LEXIS 27831, at *26 (N.D. Cal. Aug. 15, 2002) (FIFO "encompasses purchases made outside the class period").

Defendant's argument fails because courts overwhelmingly prefer LIFO over FIFO in calculating shareholder losses. *See, e.g., Cytodyn*, 2021 U.S. Dist. LEXIS 158054, at *12 (agreeing with "the majority of courts across the country that LIFO is the appropriate methodology to use"); *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, 2014 U.S. Dist. LEXIS 49595, at *16 (E.D. Pa. Apr. 9, 2014) ("courts have preferred LIFO and have generally rejected FIFO as an appropriate means of calculating losses in securities fraud cases.") (quoting *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 101 (S.D.N.Y. 2005)); *cf. Weisz, supra* (because FIFO "encompasses purchases made outside the class period, courts have generally rejected FIFO as an appropriate means of calculating losses in securities fraud cases") (citing cases). The Court agrees that "LIFO is the most accurate measure of actual losses suffered by stockholders in that it takes into account any gains accrued from sales during the class period", *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010), and thus finds no reason to deviate from this overwhelming weight of authority. Because Defendants' argument accordingly requires application of an unsupported analytical approach, it fails substantively as well as procedurally.

---

[2] It is likely for this reason that Defendants' submission is styled as a "Notice of Issues the Court Should Consider," rather than an opposition. *See* ECF No. 8.

      Having resolved this question in Feldman's favor, and finding the remainder of his motion without issue, the Court will issue an order granting the motion appointing Feldman as lead plaintiff and approving his selection of counsel.

Dated: July 15, 2024

<u>s/ Cathy L. Waldor</u><br>
Cathy L. Waldor, U.S.M.J.

3